IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH KRUTCHEN, ANGEL D. MURATALLA, and WILLIAM BEGANI, individually and on behalf of all others similarly situated, | : : : : : | CIVIL ACTION<br><br>No. 22-678 |
| v. | : : | |
| RICOH USA, INC., THE BOARD OF DIRECTORS OF RICOH USA, INC., THE RICOH RETIREMENT PLANS COMMITTEE and JOHN DOES 1-30. | : : : : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                            **April 20, 2023**

In this Employee Retirement Income Security Act ("ERISA") class action, Plaintiffs Keith Krutchen, Angel D. Muratalla, and William Begani (collectively "Plaintiffs") assert claims of breach of fiduciary duty against Defendants Ricoh USA, Inc., the Board of Directors of Ricoh USA, Inc., the Ricoh Retirement Plans Committee, and John Does 1-30 ("Defendants"). Plaintiffs have now had three chances to correctly plead their claims. Because the Second Amended Complaint fails to cure the defects identified in this Court's previous Order, Defendants' Motion to Dismiss will be granted with prejudice.

## FACTS

The facts of this case are fully set out in the Court's Order of November 15, 2022, and are summarized briefly herein. Plaintiffs are former employees who participated in the retirement plan offered by Defendants ("the Plan"). Second Amended Complaint ("SAC") ¶¶ 18-20. For recordkeeping and administrative services, Defendants engaged Alight and later Fidelity. *Id.* ¶¶ 106, 112. These providers supported the Plan by processing transactions, communicating with participants, and ensuring compliance with ERISA. *See id.* ¶ 63. The Plan offset the cost of these

services by adding a 0.09% administration fee to each investment option. *Id.* ¶ 93. The average annual per-participant recordkeeping fee ranged from $61.75 in 2018 to $103.54 in 2020. *Id.* ¶ 101. Plaintiffs claim these fees were excessive compared to other "benchmark" plans, and that a reasonably prudent fiduciary would have "taken corrective action." *Id.* ¶ 102.

The Court granted Defendants' prior motion to dismiss because the First Amended Complaint failed to allege that the benchmark plans used the same type and quality of services as Defendants' Plan, such that the comparison of fees was meaningful. Mem. Nov. 15, 2022 at 6, ECF No. 29. In response, Plaintiffs added allegations averring that all large plans require the same type of services, of which all recordkeepers are able to provide the same quality. SAC ¶¶ 90, 105, ECF No. 33. They argue that, because recordkeeping services are fungible, they are only distinguished by price, and higher fees are per se unreasonable. *See id.* ¶ 64. Defendants again move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" but it must contain something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn

Case 2:22-cv-00678-JS   Document 46   Filed 04/20/23   Page 3 of 5

therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Plaintiffs again fail to plausibly allege Defendants acted imprudently by charging Plan participants unreasonable recordkeeping fees. An ERISA fiduciary has a duty to act with "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). In assessing claims of breach, the Third Circuit utilizes a "holistic" approach, considering the "totality of the circumstances." *Sweda v. Univ. of Pa.*, 923 F.3d 320, 331-32 (3d Cir. 2019) (internal citation omitted). A breach may be plausibly pled where a plaintiff alleges multiple examples of circumstantial imprudence, including paying significantly higher fees than others for the same services, engaging multiple recordkeepers providing duplicative services, and retaining poorly performing investment options. *See id*; *see also Hughes v. Northwestern Univ.*, 63 F.4th 615, 621-22 (7th Cir. 2023). Here, Plaintiffs center their claims only on a "price tag to price tag comparison." *Mator v. Wesco Distrib., Inc.*, Civ. No. 21-403, 2022 WL 3566108, at *8 (W.D. Pa. Aug. 18, 2022), *appeal argued*, Civ. No. 22-2552 (3d Cir. Apr. 18, 2023). As this Court found earlier, without information as to the type and quality of the services provided, this is insufficient to suggest imprudence. This is because fiduciaries may "reasonably choos[e] to pay more for higher quality services." Mem. Nov. 15, 2022 at 6, ECF No. 29.

Plaintiffs claim it is categorically imprudent to charge participants higher fees because all recordkeepers provide the same quality of services. As the court in *Mator* found, this conclusory statement is insufficient to render comparison meaningful. *Mator*, 2022 WL 3566108, at *4

(disregarding allegation that all recordkeepers "offered identical or similar packages of service of the same or similar quality"). Indeed, the assertion defies common sense. The Department of Labor expressly recommends considering more than just price—including "the quality of their services and customer satisfaction"—when selecting recordkeepers. *Tips for Selecting and Monitoring Service Providers for Your Employee Benefit Plan*, Dep't of Labor, https://www.dol.gov/sites/dolgov/files/EBSA/about-ebsa/our-activities/resource-center/fact-sheets/tips-for-selecting-and-monitoring-service-providers.pdf (last visited April 20, 2023). Even the NEPC survey on which Plaintiffs rely notes that recordkeeping fees are in part a function of "the package of services the plan sponsor has contracted for." Def.'s Mot. Dismiss Ex. 8 at 200, ECF No. 34. While Plaintiffs allege recordkeeping fees are determined only by number of participants and size of assets, *see* SAC ¶ 68, ECF No. 33, NEPC states that, "[w]hile there is scale pricing, (i.e., larger plans can access lower fees), operational complexity and service levels drive meaningful differentiation in price." *Id.*

Within the "careful, context-sensitive scrutiny" the Supreme Court mandates in evaluating ERISA claims, vaguely alleging recordkeeping services are fungible does not plausibly allege a breach. *Hughes v. Northwestern Univ.*, 142 S. Ct. 737, 742 (2022). If "bare allegations" about differences in fees and corresponding services were sufficient, any plaintiff could access discovery by so pleading. *Mator*, 2022 WL 3566108, at *7. Without more, the SAC fails to state a claim upon which relief may be granted, and Defendants' Motion to Dismiss will be granted.

Parties shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendment is not permitted, however, where it would be futile, such that there are no facts which could be added to the complaint that would properly state a claim. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, Plaintiffs have been given three chances to

properly plead a claim of breach of fiduciary duty. As a matter of law, a bare "price tag to price tag comparison" is insufficient to plausibly plead this claim. *Mator*, 2022 WL 3566108, at *8. Plaintiffs have not suggested they will be able to add additional allegations of imprudence beyond high recordkeeping fees, meaning an additional complaint would not be legally sufficient. Because a Third Amended Complaint "would not withstand a motion to dismiss," leave to amend will be denied. *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

An appropriate Order follows.


BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.